# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. BENITEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. CV 16-9243 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.

## INTRODUCTION

Victor M. Benitez ("Plaintiff") brings this action seeking to overturn the decision of the Acting Commissioner of Social Security (the "Commissioner" or "Agency") denying his applications for Disability Insurance Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned

---

[1] Nancy A. Berryhill, Acting Commissioner of Social Security, is substituted for her predecessor Carolyn W. Colvin, whom Plaintiff named in the Complaint. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

United States Magistrate Judge. (Dkt. Nos. 11-13). For the reasons stated below, the Court AFFIRMS the Commissioner's decision.

## II.

## PROCEDURAL HISTORY

On March 7, 2013, Plaintiff filed an application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act, alleging a disability onset date of August 1, 2012. (AR 148-54, 171). The Commissioner denied Plaintiff's application initially and on reconsideration. (AR 62-91). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (AR 105-11), which took place on June 11, 2015 (AR 41-61). The ALJ issued an adverse decision on July 30, 2015, finding that Plaintiff was not disabled because there are jobs in the national economy that he can perform. (AR 25-35). On October 17, 2016, the Appeals Council denied Plaintiff's request for review. (AR 1-6). This action followed on January 18, 2017.

## III.

## FACTUAL BACKGROUND

Plaintiff was born on January 8, 1971. (AR 34). He was forty-four years old when he appeared before the ALJ on June 11, 2015. (AR 41). Plaintiff has a high school degree. (AR 34, 176). He is not married and lives with his sister. (AR 150, 174). Plaintiff previously worked as a chemical handler and materials clerk. (AR 34, 176). He alleges disability due to severe headaches, problems

2

concentrating, back pain, dizzy spells, depression and anxiety. (AR 175).

Plaintiff has had chronic lower back pain since 2004. (AR 398). The pain radiates to his legs and is worse with lifting, squatting and bending. (AR 398). He gets occasional numbness in his feet. (AR 398). In 2010, Plaintiff lost consciousness and was taken to the hospital. (AR 397). He had surgical clipping to treat two brain aneurysms. (AR 397). Following these events, Plaintiff asserts that he suffers from chronic headaches. (AR 397).

Plaintiff testified that he is unable to work because of headaches, fatigue, trouble concentrating, forgetfulness and pain. (AR 44). He has lower back pain that radiates through his lower extremities causing numbness and tingling in his feet. (AR 45, 49). Plaintiff is able to drive and can spend four hours standing or sitting before needing to rest. (AR 49-50, 56).

**IV.**

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents the claimant from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).

The impairment must render the claimant incapable of performing work previously performed or any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his or her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a VE or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert ("VE"). Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

# V.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 35). At step one, the ALJ found that Plaintiff met the insured status requirements through September 30, 2017, and had not engaged in substantial gainful activity since August 1, 2012, the alleged disability onset date. (AR 27). At step two, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine, obesity, tension headaches and an affective disorder are severe impairments. (AR 27). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations. (AR 28-29).

The ALJ then assessed Plaintiff's RFC and concluded that he can perform light work, as defined in 20 C.F.R. § 404.1567(b),[2] except:

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

6

[Plaintiff can] stand and walk for 6 of 8 hours; sit for
        up to 6 of 8 hours; perform unlimited balance, kneel,
        and crouch, and frequently climb stairs and ramps, and
        crawl. He is limited to simple, repetitive tasks, and
        can sustain concentration, persistence and pace for two
        hours at a time with a 15-minute break every two hours.

(AR 30). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 33). Based on Plaintiff's RFC, age, education, work experience and the VE's testimony, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including office helper, bench assembler and inspector hand packager. (AR 34). Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act from January 31, 2010, through the date of the ALJ's decision. (AR 35).

## VI.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see

also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

## VII.

### DISCUSSION

Plaintiff contends that the ALJ failed to consider a serious error contained in the VE's testimony. (Dkt. No. 22 at 2). He argues that the ALJ accepted the VE's testimony regarding necessary breaks for Plaintiff, but that the VE's testimony regarding breaks would place an employer in violation of California state law. (Id. at 4). Because California requires only two ten-minute breaks, Plaintiff contends that "an employer would necessarily have to

accommodate [Plaintiff's] need to take a restroom break every 2 hours for 15 minutes." (Id. at 5). Plaintiff argues that "[i]t is not up to the ALJ and the vocational expert to change and increase the mandated break periods employers must give as required by state law." (Id.). Defendant responds that "Plaintiff should have, at a minimum, raised this issue at his administrative hearing," i.e., that Plaintiff waived this contention by not raising it during the administrative process. Defendant further contends that Plaintiff's argument regarding the VE's testimony fails to require remand on the merits.

A. **Plaintiff Has Not Waived His Challenge To The VE's Testimony**

"[A]n agency, its experts, and its administrative law judges are better positioned to weigh conflicting evidence than a reviewing court." Shaibi v. Berryhill, 870 F.3d 874, 881-82 (9th Cir. 2017). In 1999, the Ninth Circuit held that, "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), as amended (June 22, 1999). The Supreme Court subsequently ruled that a claimant is not required to present all issues to the Appeals Council to preserve them for appeal. Sims v. Apfel, 530 U.S. 103, 112 (2000) ("Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues."). Thus, when a claimant is represented by counsel, an issue is waived unless raised before the ALJ or the Appeals Council.

Shaibi, 870 F.3d at 881 ("We now hold that when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant waives such a challenge on appeal, at least when that claimant is represented by counsel."); see id. at 882 ("Shaibi did not present the job-numbers issue before the ALJ or the Appeals Council.") (emphasis in original).

Plaintiff did not present his state-law issue to the ALJ at the administrative hearing. (AR 41-61). He did, however, raise the issue in his request for review before the Appeals Council. (AR 246-47). Plaintiff argued before the Appeals Council that while the ALJ's RFC "limits [Plaintiff] to work that allows for a 15 min[ute] break every two hours[,] California law does not mandate such a break period." (AR 246). Accordingly, the Court finds that Plaintiff has preserved this issue for appeal. Shaibi, 870 F.3d at 881.

**B. The ALJ's Step-Five Finding Is Supported By Substantial Evidence**

At step five of the sequential evaluation process, "the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations." Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (citation omitted). In making this finding, the ALJ determines "whether, given the claimant's RFC, age, education, and work experience, he actually can find some

work in the national economy." Zavalin, 778 F.3d at 846 (citation omitted); see also 20 C.F.R. § 404.1520(g) ("we will consider [your RFC] together with your vocational factors (your age, education, and work experience) to determine if you can make an adjustment to other work"). The Commissioner may meet this burden by adopting the testimony of a VE or by reference to the Grids. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).

In determining whether there are potential occupations that the claimant may be able to perform, "the ALJ relies on the [Department of Labor's Dictionary of Occupational Titles ("DOT")], which is the [Agency's] primary source of reliable job information regarding jobs that exist in the national economy." Zavalin, 778 F.3d at 845-46 (citation omitted). "The DOT describes the requirements for each listed occupation, including the necessary General Educational Development ("GED") levels; that is, aspects of education (formal and informal) required of the worker for satisfactory job performance." Id. at 846 (citation and alterations omitted). In addition to the DOT, the ALJ relies on a VE, who testifies about specific occupations that a claimant can perform in light of his RFC. Id.

The VE testified that given Plaintiffs' RFC, there are occupations in the national economy that he can perform, including office helper, bench assembler and hand packager inspector. (AR 57-58). Plaintiff's RFC includes a requirement for a fifteen-minute break every two hours. (AR 30). California law, however, requires only two ten-minute breaks during an eight-hour workday.

8 Cal. Code Regs. § 11010(12)(A). Plaintiff argues that the ALJ erred by failing to resolve this apparent "conflict" between the VE's testimony and California state law requirements for break periods. (Dkt. No. 22 at 5). The Court disagrees.

The California regulation is a minimum break requirement. It does not preclude employers from providing their employees with two fifteen-minute breaks. Employers would not be in "violation" of California law if they provided an employee with a more generous break period.

More importantly, the determination of disability by the Commissioner, who leads a federal agency, rests on the identification of a significant number of jobs in the national economy. 42 U.S.C. § 423(d)(2)(A) (a claimant is not "under a disability" if he is able to "engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work") (emphasis added). Indeed, the regulations emphasize that "[i]t does not matter whether . . . [w]ork exists in the immediate area" where the claimant lives. 20 C.F.R. § 404.1566(a)(1); see Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 526 (9th Cir. 2014) ("relevant job area for purposes of the statutory definition of 'disability' need not be the claimant's local area"). "An ALJ may take administrative notice of any reliable job information, including

information provided by a VE." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

Plaintiff has not argued that this minimum break period is a federal requirement. In addition, California is one of very few states to set a minimum-break period. See U.S. Dep't of Labor, Minimum Paid Rest Period Requirements Under State Law for Adult Employees in Private Sector (Jan. 1, 2017), available at https://www.dol.gov/whd/state/rest.htm (listing only nine states with minimum rest period requirements). Thus, when the VE testified that there was a significant number of jobs available that would allow Plaintiff to take a fifteen-minute break every two hours, she was not basing her conclusion on federal or state law requirements. Instead, rest periods running from five to twenty minutes "are common in industry." 29 C.F.R. § 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry."); see Beadle v. Comm'r of Soc. Sec. Admin., No. 16 CV 0313, 2016 WL 7335808, at *5 (N.D. Ohio Nov. 3, 2016), report and recommendation adopted sub nom. Beadle v. Comm'r of Soc. Sec., No. 16 CV 0313, 2016 WL 7325160 (N.D. Ohio Dec. 16, 2016) (VE testifying that "custom and labor laws provide for a 15-minute break every two hours"); Gainey v. Colvin, No. 14-CV-1-RJ, 2015 WL 1354555, at *5 (E.D.N.C. Mar. 24, 2015) (VE testifying that fifteen-minute breaks in the morning and afternoon are "the industry standard"); Richards v. Colvin, No. 14 CV 26508, 2015 WL 8489032, at *6 (S.D. W. Va. Oct. 7, 2015), report and recommendation adopted, No. CV 14-26508, 2015 WL 8492761 (S.D. W. Va. Dec. 10, 2015) (same); McCoy v. Comm'r of Soc. Sec., No. 15 CV

2308, 2016 WL 6565559, at *9 (N.D. Ohio Nov. 4, 2016) (same). The ALJ properly relied on the VE's testimony that there are a significant number of jobs in the national economy that allow fifteen-minute breaks every two hours. Bayliss, 427 F.3d at 1218 ("ALJ's reliance on the VE's testimony regarding the number of relevant jobs in the national economy was warranted."). "An ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony." Id. (citation omitted); 20 C.F.R. § 404.1566 ("If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, . . . we may use the services of a vocational expert or other specialist.").

Plaintiff relies on Social Security Ruling ("SSR") 00-4p,[3] 2000 WL 1898704 (S.S.A. Dec. 4, 2000), to argue that the ALJ was not allowed to rely on the VE's testimony because it "cause[d] a facial violation with the state employment laws of the region" such that the Agency must resolve "testimony that deviates from the standards articulated in the California Code of Regulations." (Dkt. No. 22 at 3, 5). However, SSR 00-4p merely addresses how the ALJ should handle any "conflicts between occupational evidence provided by a VE . . . and information in the DOT." 2000 WL

---

[3] Social Security Rulings (SSRs) "do not carry the 'force of law,' but they are binding on ALJs nonetheless." Bray, 554 F.3d at 1224. They "reflect the official interpretation of the [Agency] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." Id. (citation omitted).

14

1898704, at *2. Thus, pursuant to SSR 00-4p, the ALJ is required to "inquire, on the record, as to whether or not there is such consistency." Id. "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." Id. Here, the VE affirmed that her testimony was consistent with the DOT (AR 60), and Plaintiff identifies no conflict between his RFC and the DOT.[4] The ALJ's step-five finding is supported by substantial evidence.

## VIII.

## CONCLUSION

Consistent with the foregoing, IT IS ORDERED that Judgment be entered AFFIRMING the decision of the Commissioner. The Clerk of the Court shall serve copies of this Order and the Judgment on counsel for both parties.

DATED: December 14, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff also cites SSR 00-1c, 2000 WL 38896 (S.S.A. Jan. 7, 2000). (Dkt. No. 22 at 5-6). However, SSR 00-1c "concerns whether an individual's claim for, or receipt of, [DIB] would preclude the individual from pursuing relief under the Americans with Disabilities Act (ADA)," id. at *1, which is not at issue here.

15

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS OR ANY OTHER LEGAL DATABASE.**